Michael B. Kenney, Appellant, *v.* The Second Avenue Railroad Company, Respondent.

*Driver of street car — when guilty of contributory negligence in using a defective brake.*

In an action brought to recover damages resulting from an injury to the plaintiff, caused by reason of the alleged negligence of the defendant, it appeared that the plaintiff was employed as a driver on defendant's street railroad; that the plaintiff left defendant's depot, above Eighty-sixth street, in the city of New York, to make a down trip; that when Twenty-third street was reached the plaintiff noticed that the brake did not operate properly; as he approached Chatham square an East Broadway car was entering on the track on which the plaintiff's car was being driven, and he attempted, by application of the brake, to stop his car, but the brake did not work, and, being on a down grade, the car continued to move. In order to prevent a collision, he drew the team sharply to the right and whipped it, so as to derail the car and prevent it from colliding with the East Broadway car, and in doing so he was drawn against the hand-rail of the dashboard and fractured his hip bone. The plaintiff testified that he had long been a driver, and that he could tell by the working of the brake whether it was in good order without looking at it.

*Held,* upon appeal from a judgment dismissing the complaint directed by the court, that in the crowded avenues of the city of New York it is essential to the safety of passengers and persons using the streets that the brakes on street cars should be in perfect order, and that a driver who, knowing that a brake is out of order, fails to seek a remedy, is guilty of contributory negligence.

Appeal by the plaintiff, Michael B. Kenney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*Thomas P. Wickes,* for the appellant.

*Payson Merrill,* for the respondent.

Follett, J. :

This action was begun October 11, 1889, to recover damages for an injury caused, it is alleged, by the negligence of the defendant and its employees. The plaintiff was employed as a driver on defendant's road. He was first employed in 1869, and again he entered its service March 17, 1886, and continued therein until the

accident.   March 20, 1888, the plaintiff left defendant's depot above
Eighty-sixth street, at one-forty P. M., to make a down trip, driving
car No. 71.   When Twenty-third street was reached the plaintiff
noticed that the brake did not operate properly.   As he approached
Chatham square an East Broadway car was entering on the track
on which the plaintiff's car was being driven, and he attempted, by
application of the brakes, to stop his car, but the brake did not work,
and, being on a down grade, it continued to move, and in order to
prevent a collision he drew the team sharply to the right and whip-
ped it so as to derail the car and prevent it from colliding with the
East Broadway car.   In doing this he was drawn against the hand-
rail of the dashboard, fracturing his hip bone.   The failure of the
brake to work was caused by a bolt being displaced which united
the cross lever with the brake rod.   The cross lever, by means of
which the brakes are set, is connected with the brake rod by an
iron bolt passing down through rod and lever, and is held in place
by an iron key.   In some way the key got out of the bolt, which
worked up out of the cross beam and remained in the brake rod, but
not so as to unite the two, thus making it impossible for the driver to
apply the brake effectually to the forward wheels of the car.   This
car, No. 71, was taken from the repair shop on the very day of the
accident, the trip on which it occurred being the first one of that
car since it came from the shop.   There is no evidence that any of
the defendant's mechanics or inspectors were incompetent or negli-
gent.   The mere fact that the key was not found in place after the
accident is not sufficient to authorize the jury to find that the
defendant failed to exercise due diligence to furnish a proper car.
As between the defendant and its driver the happening of the acci-
dent is not sufficient to authorize the inference of negligence.   It
is frequently found that such keys and pins are displaced by the
motion of the moving cars.

Again, the plaintiff testified that he had long been a driver, and
that he could tell by the working of the brake whether it was in
good order without looking at it.   When he left the depot at the
beginning of his trip he thought the brake was in good order, but
when he reached Twenty-third street, and attempted to apply it, he
found that it was not in order, but he did not search for the cause
of the difficulty, and made no attempt to remedy it, as it was his

plain duty to do. In the crowded avenues of this city it is essential to the safety of passengers and persons using the streets that the brakes on street cars should be in perfect order, and a driver who, knowing that a brake is out of order, fails to apply a remedy, cannot be held to be free from negligence. We think the plaintiff was rightly nonsuited, because he failed to establish that the defendant was guilty of negligence, and because he, by his own negligence, contributed to the injury.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.